# SATTIRAJU & THARNEY, LLP

50 Millstone Road
Building 300, Suite 202
East Windsor, NJ  08520

P:  609.469.2110

F:  609.228.5649

www.s-tlawfirm.com

RAVI SATTIRAJU*
MATTHEW J. THARNEY*+

EDWARD J. HERBAN*
BRENDAN P. MCCARTHY*^
MATTHEW G. MORDAS~
ANTHONY PROVENZANO~

*Admitted to Practice in New Jersey and New York
^Admitted to Practice in Montana
~Admitted to Practice in New Jersey
+Certified by the Supreme Court of New Jersey as a Certified Civil Trial Attorney

New York Office
One Penn Plaza, Suite 5315
New York, NY  11563

DIRECT EMAIL
rsattiraju@s-tlawfirm.com

DIRECT DIAL
609.469.2112

October 25, 2023

**VIA ECF**

Melissa E. Rhoades, Esq., Clerk of Court
United States District Court for the District of New Jersey
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

> Re:   **Guimaraes, et al. v. Metal Transportation LLC, et al**
> **Case No: 2:23-cv-13183-MEF-MAH**
> *Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(1)(B)*

Dear Ms. Rhoades:

My firm represents Plaintiffs Edgar Guimaraes and Donnell Clarke in the above-referenced matter. Under cover of this letter, Plaintiffs are filing an Amended Complaint "as of course" pursuant Fed. R. Civ. P. 15(a)(1)(B).

As the Court is aware, Fed. R. Civ. P. 15(a)(1)(B) permits a party to file one amended complaint as of course "within 21 days after service of a motion under Rule 12(b), (e) or (f)[.]"  Here, Defendants filed motions to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) on October 4, 2023.  See ECF Doc. 14 and 15.  Accordingly, Plaintiffs' Amended Complaint is being timely filed today, within 21 days of the filing of Defendants' motions to dismiss.

SATTIRAJU & THARNEY, LLP

Melissa E. Rhoades, Esq., Clerk of the Court
October 25, 2023
Page 2

Thank you for the Court's consideration in this matter.

Respectfully submitted,

*s/ Ravi Sattiraju*

Ravi Sattiraju

cc:   The Honorable Michael E. Farbiarz, U.S.D.J. (via ECF)
      The Honorable Michael A. Hammer, U.S.M.J. (via ECF)
      Charles L. Shute, Esq. (via ECF)
      Matthew Adam Green, Esq. (via ECF)
      Michele-Lee Shapiro, Esq. (via ECF)
      Steven Robert Rowland, Esq. (via ECF)
      Kenneth L. Moskowitz, Esq. (via ECF)

**SATTIRAJU & THARNEY, LLP**
Ravi Sattiraju, Esq. (Attorney Id. No. 035251998)
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Tel: (609) 469-2110
Fax: (609) 228-5649
Email: rsattiraju@s-tlawfirm.com
*Attorneys for Plaintiffs and the Putative Class*

| | |
|---|---|
| EDGAR GUIMARAES & DONNELL CLARKE,<br><br>     On behalf of themselves and all other similarly situated persons,<br><br>     Plaintiffs,<br><br>v.<br><br>METAL TRANSPORT, LLC (individually and d/b/a CENTURY EXPRESS); EVANS DELIVERY COMPANY, INC. (individually and d/b/a CENTURY EXPRESS); CENTURY EXPRESS; ABC CORPS. 1-10 (fictitious parties); and JOHN/JANE DOES 1-10 (fictitious parties),<br><br>     Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Case No. 2:23-cv-13183-MEF-MAH<br><br>CIVIL ACTION<br><br>**AMENDED<br>CLASS ACTION COMPLAINT<br>AND JURY TRIAL DEMAND** |

Plaintiffs Edgar Guimaraes and Donnell Clarke, on behalf of themselves and all other similarly situated persons, by way of this Amended Class Action Complaint against Defendants Metal Transport, LLC (individually and d/b/a Century Express), Evans Delivery Company, Inc. (individually and d/b/a Century Express), Century Express, ABC Corps 1-10 (fictitious parties), and John/Jane Does 1-10 (fictitious parties), allege as follows:

## INTRODUCTION

1. Plaintiffs Edgar Guimaraes and Donnell Clarke, on behalf of themselves and all other similarly situated persons (hereinafter "Plaintiffs"), bring this putative class action lawsuit against Defendants Metal Transport, LLC (individually and d/b/a Century Express), Evans Delivery Company, Inc. (individually and d/b/a as Century Express), and Century Express (hereinafter "Defendants") alleging that Plaintiffs and the putative class members were misclassified as independent contractors by Defendants and consequently seek to recover significant economic damages sustained as a result of Defendants' unlawful withholdings or deductions from, and/or unlawful diversions of, their wages and compensation in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14 (the "NJWPL") and failure to pay overtime in violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq. (the "NJWHL").

## THE PARTIES

1. Plaintiff Edgar Guimaraes resides in the Township of Sayreville in the County of Middlesex in the State of New Jersey.

2. Plaintiff Donnell Clarke resides in the City of Newark in the County of Essex in the State of New Jersey.

3. At all relevant times hereto, Plaintiffs performed truck driving services for Defendants.

4. Defendant Metal Transport, LLC is a for-profit business, organized and existing under the laws of the State of New Jersey, with its principal place of business located at 207-215 Ave. L in the City of Newark, in the County of Essex, in the State of New Jersey. According to the September 28, 2023 Certification of Matthew J. Bates (ECF Doc. No. 14-3), Metal Transport,

LLC conducts business in New Jersey along with Defendant Evans Delivery Company, Inc. using "Century Express" as a trade name.

5. Defendant Evans Delivery Company, Inc. is a for-profit business, organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered office at 100-11 W. Columbia Street, Schuylkill Haven, County of Schuylkill, Commonwealth of Pennsylvania. According to the September 28, 2023 Certification of Matthew J. Bates (ECF Doc. No. 14-3), Defendant Evans Delivery Company, Inc. conducts business in New Jersey along with Defendant Metal Transport, LLC using "Century Express" as a trade name.

6. Defendant Century Express, according to its website https://centuryexpressnj.com/about-us, "is an intermodal trucking company based in Newark, New Jersey" with an address of 207-215 Avenue L, Newark, NJ 07105. See https://centuryexpressnj.com/about-us/ (accessed 10/24/2023), a copy of which is attached hereto as Exhibit A. On its website, Defendant Century Express also describes itself as a "Division of Evans Delivery Company Inc." Id.

7. Defendants provide transportation and delivery services for their clients or customers.

8. Defendants acted collectively and in coordination to employ Plaintiffs and the Putative Class Members as defined by the NJWPL and NJWHL.

9. Defendants make deliveries to and from various ports in New Jersey, as well as other States, including, but not limited to, deliveries originating from the Port Newark Container Terminal located in the City of Newark in the County of Essex in the State of New Jersey.

10. Defendants were at all relevant times herein an "employer" of Plaintiffs and certain other similarly situated employees, as defined by the NJWPL.

11. The putative class of similarly situated persons Plaintiffs seek to represent in this putative class action is defined herein as:

> All individuals that contracted with Defendants as "owner-operators" or who otherwise provided truck driving services for Defendants and who provided said truck driving services in the State of New Jersey from July 2017 through to the present (hereinafter the "Putative Class Members").

12. Defendants ABC Corps. 1-10 and/or John/Jane Does 1-10 are currently unknown entities and/or natural persons, designated by fictitious names herein, who may also be liable to Plaintiffs and the Putative Class Members under the NJWPL.

13. Venue is proper in this Court given that Defendants conducted business in Essex County, New Jersey and a substantial part of the events giving rise to this claim occurred in Essex County, New Jersey. See 28 U.S.C.A. § 1391(b)(2).

## MISCLASSIFICATION ALLEGATIONS

14. Plaintiffs and all of the Putative Class Members contracted with Defendants Metal Transport LLC, Century Express, and/or Evans Delivery Company, Inc. to provide truck driving services. Defendants characterized the relationship between Plaintiffs and the Putative Class Members and Defendants as an "independent contractor" relationship.

15. However, Plaintiffs and the Putative Class Members were/are not independent contractors as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C) pursuant to Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015), for purposes of the NJWPL (hereinafter the "ABC Test").

16. Defendants purposefully misclassified Plaintiffs and the Putative Class Members as independent contractors so that Defendants could conceal and thwart the fact that there existed an employer-employee relationship between Defendants and Plaintiffs and the Putative Class Members.

17. Defendants exercised significant control both directly over Plaintiffs and the Putative Class Members as well as the ability of Plaintiffs and the Putative Class Members to complete their work of delivering Defendants' cargo for Defendants to Defendants' customers and clients. This control included, but was not limited to, the following:

  a. Defendants' dispatchers provided Plaintiffs and the Putative Class Members with the daily work they were required to perform, including providing delivery manifests, bills of lading, shipping invoices, and other documents, which bore one or more of the Defendants' names and/or logos;

  b. At the start of every work day, Defendants required Plaintiffs and the Putative Class Members to pick up their dispatch papers and other paperwork at Defendants' facilities: initially at Defendants' facility by the Port of Newark in New Jersey and then, after Defendants moved, at Defendants' facility located at 207-215 Avenue L, Newark, NJ 07105;

  c. Defendants determined what time Plaintiffs and the Putative Class Members had to arrive at work and what time their deliveries needed to be delivered by, including, at times, designating certain deliveries as "hot loads" that needed to be rushed to their destinations as soon as possible;

  d. Defendants required that the tractors used by Plaintiffs and the Putative Class Members be stored at Defendants' facilities: initially at Defendants' facility by the Port of Newark in New Jersey and then, after Defendants moved, at Defendants' facility located at 207-215 Avenue L, Newark, NJ 07105;

  e. Defendants required that Plaintiffs and the Putative Class Members start each work day by picking up their tractors at Defendants' facilities: initially at Defendants' facility

by the Port of Newark in New Jersey and then, after Defendants moved, at Defendants' facility located at 207-215 Avenue L, Newark, NJ 07105;

f. Defendants required that Plaintiffs and the Putative Class Members end each work day by dropping off their tractors at Defendants' facilities: initially at Defendants' facility by the Port of Newark in New Jersey and then, after Defendants moved, at Defendants' facility located at 207-215 Avenue L, Newark, NJ 07105;

g. Defendants required that Plaintiffs and the Putative Class Members complete specific shipping invoices which identified Defendants' place of business;

h. Defendants required that Plaintiffs and the Putative Class Members complete and return time verification reports;

i. Defendants required that Plaintiffs and the Putative Class Members attend regular "safety meetings", which were held at a hotel in New Jersey and which were conducted by personnel from Defendant Evans Delivery Company, Inc.;

j. Defendants provided Plaintiffs and the Putative Class Members with replacement and/or rental vehicles to perform the delivery work for Defendants;

k. Defendants provided Plaintiffs and the Putative Class Members with the chassi that were used to haul shipping containers in performing the delivery work for Defendants;

l. Defendants required Plaintiffs and the Putative Class Members to exclusively drive for Defendants;

m. Defendants required Plaintiffs and the Putative Class Members to display placards on the trucks they were driving that read: "Century Express, Operated by Evans Delivery Company";

    n. Defendants required Plaintiffs and the Putative Class Members to use electronic logging systems provided by Defendants to log their driving and work time; and

    o. Defendants otherwise controlled the manner in which Plaintiffs and the Putative Class Members completed the work of delivering cargo for Defendants' customers and clients according to Defendants' instructions.

18. The work performed by Plaintiffs and the Putative Class Members (i.e., driving trucks to deliver cargo) was within the usual course of Defendants' business, which was to transport Defendants' cargo to and from Defendants' customers or clients.

19. The work performed by Plaintiffs and the Putative Class Members was performed within Defendants' places of business, including Defendants' facilities in New Jersey such as Defendants' initial facility by the Port of Newark and Defendants' later facility at 207-215 Avenue L, Newark, NJ 07105, as well as along Defendants' delivery routes.

20. Plaintiffs and the Putative Class Members do not work in an independently established trade, occupation, profession, or business.

21. Plaintiffs and the Putative Class Members do not have their own clientele and rely/relied exclusively upon Defendants for work.

22. Once Defendants decided to terminate Plaintiffs or Putative Class Members' employment, Plaintiffs and the Putative Class Members joined the ranks of the unemployed.

23. The delivery trips that Plaintiffs and Putative Class Members drove for Defendants started and ended in the State of New Jersey, at Defendants' New Jersey facility.

24. Plaintiff Edgar Guimaraes initially began his employment with Defendants in approximately 2017.

25. On September 19, 2018, through Defendants' "Lease to Buy" program, Defendants facilitated an arrangement under which Plaintiff Edgar Guimaraes leased a 2015 International Prostar Tractor (VIN Ending in 4312) through a vehicle financing company. Pursuant to Defendants' program, Plaintiff Edgar Guimaraes then had to lease the tractor in question <u>exclusively</u> to Defendant Evans Delivery Company, Inc., so that it could only be used in the course of Defendants' business and only as specifically authorized by Defendants.

26. When the subject 2015 International Prostar Tractor went out of service, Defendants provided Plaintiff Edgar Guimaraes with a Penske rental/replacement vehicle that he continued to use in the course of Defendants' business.

27. Defendants used their "Lease to Buy" program in support of their misclassification of Plaintiff Edgar Guimaraes as an "independent contractor/owner-operator", which they used as a basis to deduct numerous categories of fees and payments from Plaintiff Edgar Guimaraes's wages, in violation of the NJWPL.

28. When Plaintiff Donnell Clarke began his employment with Defendants in approximately 2015, he owned his own tractor. However, after approximately a month, his tractor went out of service and he could not afford to repair it. Plaintiff Donnell Clarke applied to Defendants' "Lease to Buy" program, but was not accepted to it. From approximately 2015/2016 until he stopped working for Defendants in approximately 2019/2020, Plaintiff Donnell Clarke drove tractors that were provided to him by one or more of the Defendants, which he used to carry out the deliveries assigned by Defendants.

29. Despite the fact that Plaintiff Donnell Clarke was not an owner/operator from 2015/2016 to 2019/2020, and was driving vehicles provided by Defendants to carry out deliveries as instructed by Defendants, Defendants misclassified Plaintiff Donnell Clarke as an "independent

contractor" and deducted numerous categories of fees and payments from his wages, in violation of the NJWPL.

## NJWPL & NJWHL ALLEGATIONS

30. The NJWPL prohibits employers from withholding or diverting any portion of an employee's wages (hereinafter "unlawful deductions") unless the deductions fall into one of eleven (11) specifically enumerated statutory categories. See N.J.S.A. 34:11-4.4.

31. Defendants made, took and/or required the following unlawful deductions from Plaintiffs and the Putative Class Members' wages, including, but not limited to:

    a) Bobtail insurance;
    b) Escrow deductions;
    c) Fuel;
    d) Fuel cards;
    e) Oil;
    f) Road tax fees;
    g) Maintenance escrows;
    h) Occupational accident;
    i) Physical damage insurance;
    j) Per diem/Maintenance & Repair (M&R);
    k) Tire liability program;
    l) License plate fees;
    m) Driver log deductions; and
    n) Other unlawful deductions.

32. The NJWHL requires trucking industry employers, such as Defendants, to compensate Plaintiffs and the Putative Class Members with an overtime rate of pay when they worked over forty (40) hours per week.

33. Plaintiffs and the Putative Class Members regularly worked well over forty (40) hours per week at the instruction of Defendants.

34. Defendants never compensated Plaintiffs and the Putative Class Members an overtime rate of pay as required under the NJWHL.

## **CLASS ACTION ALLEGATIONS**

35. This action is brought and may properly proceed as a class action, pursuant to Fed. R. Civ. P. 23.

36. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

37. There are questions of law and fact common to all members of the Putative Class that predominate over questions affecting only individuals. These common questions include:

   a) Whether the Putative Class Members were misclassified as independent contractors for purposes of the NJWPL & NJWHL pursuant to Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015);

   b) Whether Defendants reduced the Putative Class Members' compensation by making, taking or requiring unlawful deductions from their wages and whether this conduct violates the NJWPL; and

   c) Whether Defendants failed to pay Plaintiffs and the Putative Class Members an overtime rate of pay when they work over forty (40) hours per week and whether this conduct violates the NJWHL.

38. Plaintiffs do not have interests antagonistic to those of the Putative Class Members. Plaintiffs' claims are typical of the claims of the Putative Class Members.

39. Plaintiffs will fairly and adequately protect the interests of the Putative Class Members and have retained competent counsel experienced in this type of matter, specifically class action litigation and independent contractor misclassification in particular.

40. Common questions of law and fact predominate over any questions that only affect individual Putative Class Members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and will cause an orderly and expeditious administration of the Putative Class Members' claims.

42. The prosecution of separate actions by individual members of the Putative Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

43. Moreover, the NJWPL at <u>N.J.S.A</u> 24:11-4.10(c) specifically provides that an employee pursuing a civil action for violations of the NJWPL "Shall be entitled to maintain the action for and on behalf of other similarly situated employees [….] The employee may bring the action for all appropriate relief, including reinstatement, the payment of damages and the recovery of lost wages or unpaid pages pursuant to this section in the Superior Court."

## COUNT ONE
## (VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW)

44. Plaintiffs reassert Paragraphs 1-43 as if set forth at length herein.

45. Defendants are subject to the New Jersey Wage Payment Law, <u>N.J.S.A.</u> 34:11-4.1 to -4.14 (the "NJWPL").

46. Defendants' misclassification of the Plaintiffs and the Putative Class Members as independent contractors is contrary to the NJWPL and <u>Hargrove v. Sleepy's, LLC</u>, 220 N.J. 289 (2015).

47. Any agreement(s) entered into by and between Defendants and Plaintiffs and the Putative Class Members that provide otherwise is/are unlawful, null and void to the extent they allow Defendants to circumvent their remedial and humanitarian legal obligations under the NJWPL. <u>See</u> <u>N.J.S.A.</u> 34:11-4.7 (which provides that any employer who enters into such an illegal, null and void agreement shall be subject to a civil action "in any court of competent jurisdiction in this State [<u>i.e.</u>, New Jersey].

48. Defendants' conduct against Plaintiffs and the Putative Class Members violate the NJWPL by requiring Plaintiffs and the Putative Class Members to pay for the unlawful deductions

listed above and/or directly deducting the cost of said unlawful deductions from their compensation.  See N.J.S.A. 34:11-4.4; N.J.A.C. 12:55-2.1.

**WHEREFORE,** Plaintiffs, on behalf of themselves and all other Putative Class Members, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

a. Certify a class action pursuant Fed. R. Civ. P. 23 and appoint Plaintiffs and their counsel to represent the class;
b. Declare and find that Defendants misclassified Plaintiffs and the Putative Class Members as independent contractors under N.J.S.A. 43:21-19(i)(6)(A)-(C);
c. Declare and find that Defendants violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -33.6;
d. Award compensatory damages, including all unpaid wages and underpaid wages, as well as all expenses owed, unlawful deductions taken and liquidated damages in an amount according to proof;
e. Award treble damages and/or liquidated damages pursuant to the NJWPL, as amended;
f. Award all costs, expenses and attorneys' fees, with appropriate fee enhancement, incurred in prosecuting this claim;
g. Award pre-judgment and post-judgment interest at the highest rates allowed by law;
h. Injunctive relief in the form of an order directing Defendants to comply with New Jersey law; and
i. Such other relief as in law or equity may pertain.

## COUNT TWO
### (VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW)

49. Plaintiffs reassert Paragraphs 1-48 as if set forth at length herein.

50. Defendants' conduct against the Plaintiffs and the Class Members violate the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., by failing to compensate the Plaintiffs and the Putative Class Members for all hours worked, and/or not paying legally required overtime when the Plaintiffs and the Putative Class Members worked over forty (40) hours per week.

51. As a result of Defendants' conduct, the Plaintiffs and the Class Members have endured significant economic damages.

**WHEREFORE,** Plaintiffs, on behalf of themselves and all other Putative Class Members, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

a. Certify a class action pursuant Fed. R. Civ. P. 23 and appoint Plaintiffs and their counsel to represent the class;
b. Declare and find that Defendants misclassified Plaintiffs and the Putative Class Members as independent contractors under N.J.S.A. 43:21-19(i)(6)(A)-(C);
c. Declare and find that Defendants violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56 et seq.;
d. Award compensatory damages, including all unpaid wages and underpaid wages, as well as all expenses owed, unlawful deductions taken and liquidated damages in an amount according to proof;
e. Award treble damages and/or liquidated damages pursuant to the NJWHL, as amended;
f. Award all costs, expenses and attorneys' fees, with appropriate fee enhancement, incurred in prosecuting this claim;
g. Award pre-judgment and post-judgment interest at the highest rates allowed by law;
h. Injunctive relief in the form of an order directing Defendants to comply with New Jersey law; and
i. Such other relief as in law or equity may pertain.

## DEMAND TO PRESERVE EVIDENCE

**DEMAND IS HEREBY MADE** that Defendants preserve all physical and electronic information pertaining or relating in any way to: (a) Plaintiffs and the Putative Class Members' labor and services performed; (b) their claims under the New Jersey Wage Payment Law; (c) any and all defenses thereto; and (d) pertaining or relating to any electronic data storage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Myspace, LinkedIn, etc.) and any other information and/or data and/or things and/or documents which may pertain to any claim or defense concerning this Class Action Complaint and Jury Trial Demand pleading. Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury as to all issues so triable.

**DESIGNATION OF TRIAL COUNSEL**

Ravi Sattiraju, Esq. is hereby designated as lead trial counsel for Plaintiffs.

**CERTIFICATION RE: NO OTHER PROCEEDINGS**

I hereby certify that the matter in controversy herein is the subject of no other pending legal proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief. Further, I know of no other party who should be joined in this lawsuit other than the currently unidentified John/Jane Does and ABC Corps.

**CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)**

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with all applicable Rules.

                                                  **SATTIRAJU & THARNEY, LLP**
                                                  *Attorneys for Plaintiffs and the Putative Class*

                                         By:   *s/ Ravi Sattiraju*
                                                      Ravi Sattiraju

Dated: October 25, 2023

# EXHIBIT A


