UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not For Publication**

| | |
|---|---|
| EDGAR GUIMARAES & DONNELL CLARKE, On behalf of themselves and all other similarly situated persons,<br><br>*Plaintiffs*,<br><br>v.<br><br>METAL TRANSPORTATION LLC; CENTURY EXPRESS; EVANS DELIVERY COMPANY, INC. and ABC CORPS. 1-10 and JOHN/JANE DOES 1-10,<br><br>*Defendants*. | Civil Action No. 23-cv-13183 (MEF)(MAH)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\*   \*   \*

The Plaintiffs[1] sued on behalf of a putative class of truckers who were allegedly misclassified as independent contractors, rather than employees. See Complaint ¶¶ 3-4, 14-16.

The Defendant[2] moves to dismiss the suit, or alternatively, transfer it to the Middle District of Pennsylvania, based on a forum selection clause in a relevant agreement. See Memorandum

---

[1] The Plaintiffs are Edgar Guimaraes and Donnell Clarke. See Amended Class Action Complaint and Jury Demand ("the Complaint") ¶¶ 1-2.

[2] The moving defendant is Evans Delivery Company, Inc.

of Law of Evans Delivery Company, Inc. in Support of its Motion to Dismiss the Amended Complaint ("Motion to Dismiss") at 7-11.

The Court takes up the motion to dismiss below, though only as to the Plaintiff, Edgar Guimaraes, who signed the agreement. See id., Ex. A, at 1.[3]

The motion is, for now, denied.

\*   \*   \*

Subject matter jurisdiction here is based on the diversity statute. See Notice of Removal ¶¶ 2, 8-26. And "federal law controls the question of whether to enforce a forum selection clause," In re McGraw-Hill Global Educ. Holdings LLC, 909 F.3d 48, 58 (3d Cir. 2018), where jurisdiction rests on diversity. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995); Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000); Gafner v. Oasis Legal Finance, LLC, 2024 WL 1190741, at \*1 (D.N.J. Mar. 19, 2024); Anchortex Corp. v. Capitol Supply, Inc., 2016 WL 5858656, at \*2 (D.N.J. Oct. 6, 2016); Ramada Worldwide Inc. v. SB Hotel Mangement Inc., 2015 WL 758536, at \*3 (D.N.J. Feb. 23, 2015).

Under federal law, a mandatory forum selection clause is generally enforceable. See Gafner, 2024 WL 1190741, at \*1; Nitterhouse Concrete Prod., Inc. v. Dobco Grp., Inc., 305 F. Supp. 3d 580, 587 (D.N.J. 2018); Union Steel Am. Co. v. M/V Sanko Spruce, 14 F. Supp. 2d 682, 687 (D.N.J. 1998); see generally Wall St. Aubrey Golf, LLC v. Aubrey, 189 F. App'x 82, 85 (3d Cir. 2006) (mandatory forum selection clauses are

---

[3] The Plaintiffs did not attach the contract containing the forum selection clause to the Complaint. Rather, the Defendant attached it to its motion to dismiss. The Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). That is the case here. The Plaintiffs' claims are "based on" the agreement. See Complaint ¶ 14 ("Plaintiffs . . . contracted with Defendants"). And no one "[]dispute[s]" the contract's authenticity or argues it cannot be considered. See, e.g., Plaintiffs' Brief in Opposition to the Motions to Transfer/Dismiss Filed By (1) Defendant Metal Transport, LLC and (2) Defendant Evans Delivery Company, Inc. ("Opposition Brief") at 9-29.

2

presumptively valid); cf. Dawes v. Publish Am. LLLP, 563 F. App'x 117, 118 (3d Cir. 2014).

The forum selection clause here is mandatory. The clause:

> THE PARTIES AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT OR OTHERWISE WITH RESPECT TO THE OVERALL RELATIONSHIP BETWEEN THE PARTIES, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW . . . SHALL BE LITIGATED IN THE STATE OR FEDERAL COURTS SERVING SCHUYLKILL HAVEN, PENNSYLVANIA. FOR THAT PURPOSE, CARRIER AND CONTRACTOR HEREBY AGREE TO SUBMIT TO THE VENUE AND JURISDICTION OF SUCH COURTS.

Motion to Dismiss, Ex. A, ¶ 33.

"Federal law presumes forum selection clauses to be valid, but that presumption is overcome where the resisting party shows that enforcement would be unreasonable under the circumstances." MacDonald v. CashCall, Inc, 883 F.3d 220, 233 n.14 (3d Cir. 2018) (cleaned up). "Enforcement is unreasonable where either the forum selected is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of his day in court, or the clause was procured through fraud or overreaching." Id. (cleaned up). Enforcement may also be unreasonable where it "would violate a strong public policy of the forum." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983).

\*  \*  \*

The Plaintiff seeks to overcome the "presumption" by showing that enforcement would be unreasonable in two ways.

First, the Plaintiff argues the forum selection clause cannot be enforced, because the underlying contract itself is illegal. See Opposition Brief at 10-12. Why is the contract said to be illegal? Because it allegedly violates the New Jersey Wage Payment Law, as it authorized the Defendant to withhold certain deductions from wages. See id.

"But this puts the cart (whether the contract is valid) before the horse (where that question will be answered)." Gafner, 2024 WL 1190741, at *2. "[A] party cannot contest the validity of a forum selection clause by questioning the enforceability of the entire contract . . . [but rather] must show that the clause

3

itself was the product of fraud or coercion."[4] Mathews v. Rescuecom Corp., 2006 WL 414096, at *5 n.8 (D.N.J. Feb. 16, 2006) (quoting Barbuto v. Medicine Shoppe, 166 F. Supp. 2d 341, 346 (W.D. Pa. 2001); see also, e.g., Rucker v. Oasis Legal Fin., L.L.C., 632 F.3d 1231, 1237-38 (11th Cir. 2011); Muzumdar v. Wellness Int'l Network, Ltd., 438 F.3d 759, 762 (7th Cir. 2006); Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998); Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1232 (6th Cir. 1995); Gafner, 2024 WL 1190741, at *2; Hagen v. John Doe Co., 2018 WL 1141362, at *4 (D.N.J. Mar. 2, 2018); Med. Sys., Inc. v. DeSoto Diagnostic Imaging, LLC, 2002 WL 32107632, at *5 (E.D. Pa. Dec. 18, 2002). "Questions as to the overall enforceability of the contract are for the court identified in the mandatory forum selection clause." Gafner, 2024 WL 1190741, at *2 (quoting Wilson v. 5 Choices, LLC, 776 F. App'x 320, 327 (6th Cir. 2019)); see also Muzumdar, 438 F.3d at 762; Shell, 55 F.3d at 1230-32; cf. Preston v. Ferrer, 552 U.S. 346, 353 (2008) (applying a similar principle to arbitration).

Second, the Plaintiff argues that enforcement of the forum selection clause would be against New Jersey public policy. See Opposition Brief at 13-17.

"But 'New Jersey has a policy that favors the enforcement of forum selection clauses.'" Gafner, 2024 WL 1190741, at *3 (quoting Kowalski v. YellowPages.com, LLC, 2010 WL 3323749, at *5 (D.N.J. Aug. 18, 2010), report and recommendation adopted, 2010 WL 3810156 (D.N.J. Sept. 22, 2010)).

And the Third Circuit has applied a forum selection clause to claims brought under the statute in play here. In Collins v. Mary Kay, Inc., 874 F.3d 176 (3d Cir. 2017), the Third Circuit affirmed a dismissal, based on a forum selection clause, of a lawsuit grounded on the Wage Payment Law at issue here, and found that it would not offend New Jersey public policy to transfer the case. See id. at 183-87; see also Ebid v. Glob. Futures & Forex, Ltd., 2010 WL 4853292, at *6 (D.N.J. Nov. 22, 2010).[5]

---

[4] There are no allegations that any contract here was procured through fraud or coercion.

[5] The Plaintiff's core counter-argument is based, in part, on the statute's statement that all who are covered by it "shall have a right of civil action against any such employer for the full amount of his wages in any court of competent jurisdiction in this State." N.J.S.A. § 34:11-4.7. But the Plaintiff does

4

Bottom line: the forum selection clause is not "unreasonable," and therefore may be enforced.

*   *   *

As set out above, the Court has determined that the forum selection clause applies. But the motion to dismiss or transfer is nevertheless denied for now.

This is to leave room for additional motion practice that will likely impact the final disposition.

For its part, the Defendant has not explained why the law here might favor dismissal over transfer.

For his part, the Plaintiff has gestured at the concerns raised by the Third Circuit in Collins. See Opposition Brief at 17-23 (pressing a choice of law argument based on Collins, 874 F.3d at 186-87). But he has not explained whether such concerns imply that, on forum non conveniens grounds, this case should remain in New Jersey, even though, as the Court has determined, a forum selection clause governs here. See Collins, 874 F.3d at 186-87.

Accordingly, the motion to dismiss (Docket Entry 23) is denied without prejudice. It may be renewed, with the parties' briefing to cover the issues set out just above, on a schedule to be set by the United States Magistrate Judge.

It is on this 10th day of April, 2024 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

---

not cite to any cases establishing this is an exclusive jurisdiction provision. And the Plaintiff does not show that he could not, if New Jersey substantive law applies, press a New Jersey Wage Payment Law claim in a state or federal court in Pennsylvania.